UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
TRUSTEES OF THE BUILDING TRADES
EDUCATIONAL BENEFIT FUND, THE
BUILDING TRADES ANNUITY BENEFIT
FUND, BUILDING TRADES WELFARE
BENEFIT FUND and THE ELECTRICIAN'S
RETIREMENT FUND,

                              Plaintiffs,

                                                  **REPORT AND**
                                                  **RECOMMENDATION**
                                                  CV-19-3515 (DRH) (AYS)

          -against-

ROMERO ELECTRIC LLC and JUAN
CARLOS ROMERO, Individually,

                              Defendants.

---------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Trustees of the Building Trades Educational Fund, The Building Trades Annuity Benefit Fund, Building Trades Welfare Benefit Fund and The Electrician's Retirement Fund (the "Funds" or "Plaintiffs") bring this action against Romero Electric LLC ("Romero") and Juan Carlos Romero ("JCR") (collectively "Defendants") pursuant to Section 502(a)(3) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs allege that Defendants have failed to make required employer contributions to employee benefit plans. See generally, Compl., Docket Entry ("DE") [1]. Since the withdrawal of Defendants' counsel, see Order dated 10/07/2020, Defendants have not timely appeared through new counsel or otherwise defended this action. See DE [37]. On

1

February 11, 2019, Plaintiffs filed the instant motion for default judgment. DE [38]. Presently before this Court is the District Court's referral of the Plaintiffs' motion for issuance of a Report and Recommendation as to whether Plaintiffs have established Defendants' liability such that the motion should be granted. See Order Referring Motion dated 6/15/2021. For the reasons set forth below, this Court recommends entry of judgment on behalf of the Funds and that total damages of $887,353.61 be awarded.

## BACKGROUND

I.  Facts

The following facts adduced from Plaintiffs' Complaint, and affidavit of Albert Alimenia ("Alimenia Aff."), Danielle M. Carney ("Carney Aff."), and Alan Rossi ("Rossi Aff.") and the exhibits attached thereto, are undisputed and taken as true for purposes of deciding this motion. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992) (citations omitted).

The Funds are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). See Compl. ¶ 5. The Funds are administered at 50 Charles Lindbergh Blvd., Suite 207, Uniondale, NY 11553. Id. ¶ 7.

Defendant Romero Electric, a foreign corporation, is an electrical contracting company with its principal place of business at 147 W 35th Street, New York, NY 10001. See Compl. ¶ 9; see also Alimenia Aff. ¶ 2, DE [39]. Defendant Juan Carlos Romero is/or was an officer, agent, partner and/or principal owner of Romero. Compl. ¶ 10. JCR resides at 103 W. Fort Lee rd.,

Bogata, NJ 07603. Id. ¶ 11

Plaintiffs contends that Romero was a party to, or manifested an intention to be bound by a collective bargaining agreement ("CBA") with the United Electrical Workers of America Local 363, IUIJAT (the "Union") via execution of an Assumption Agreement and Romero's membership in the Building Industry Electrical Contract Association (the "Association"). See Compl. ¶ 12; see also Alimenia Aff. ¶ 2. Plaintiffs allege that the CBA imposed several obligations on Romero, including obligations, to:

> 1) submit contributions reports setting forth the hours that each of its employees worked and amount of contributions due pursuant to the rate schedules set forth in the CBA for all work performed by its employees covered by the CBA and to remit such contributions in accordance with the CBA, Compl. ¶ 13;
>
> 2) pay interest on the delinquent contributions calculated at the prime rate as stated in Federal Reserve Statistical Release on the date contributions are due plus two percent, id. ¶ 17; Alimenia Aff. ¶¶ 4-5, Ex. A. at p. 16 ¶(e), DE [39-1].
>
> 3) pay an additional 20% percent of the total sum of contributions due and unpaid as liquidated damages, Compl. ¶ 17;
>
> 4) reimburse the Funds for attorney's fees and costs associated with collecting unpaid benefits. Compl. ¶ 17.

Payroll audits of Romero's books and records revealed that Romero owes the Funds delinquent contributions in connection with covered work performed by Romero's employees during the period of July 1, 2015 through November 30, 2018. Compl. ¶ 15; Carney Aff. ¶ 8, DE [40].

II.     Procedural Background

Plaintiffs timely filed this action against Defendant. See Compl. Within a month, Plaintiffs filed their executed and returned summons which had been served upon Defendants. See DE [5], [6]. After extensions of time to answer, Defendants filed their Answer on September 6, 2019. DE [9].

3

After several months of discovery, see Discovery Scheduling Order dated 10/30/2019, Defendants' counsel moved to withdraw as counsel.[1] DE [15]. A conference was scheduled to discuss the motion, see Orders dated 3/02/2020 and 3/14/2021, but was ultimately adjourned when counsel withdrew his motion to withdraw as counsel. See DE [19] and Orders dated 3/18/2020. Following the withdrawal of the motion an amended discovery schedule was issued and discovery resumed. See Order dated 3/23/2020.

Defendants' counsel again moved to withdraw as counsel. Mot. to Withdraw, DE [22]. A conference was held to discuss the motion to withdraw, and the motion was granted. See Order dated 10/07/2020. At the same conference, the Court directed Romero to appear through new counsel within thirty days because a corporation may not appear pro se in federal court and directed JCR to either also appear by new counsel in 30 days or elect to proceed pro se. Id.; See Grace v. Bank Leumi Trust Co. of N.Y., 443 F. 3d 180, 192 (2d Cir. 2006). Defendants were warned that failure to appear through new counsel or communicate with the Court may result in a recommendation to the District Court that an order of default be entered. See Order dated 10/07/2020. In that same Order, the Court scheduled a status conference for November 17, 2021. Id. Defendants' counsel served Defendants with a copy of this Court's Order granting the motion to withdraw. See DE [27], [28], [29].

Defendants failed to appear for the November 17, 2020 conference, obtain new counsel, or communicate with the Court prior to the conference explaining why new counsel could not be obtained, as previously directed by this Court. See Order dated 10/17/2020. Defendants were once again given thirty days to appear through new counsel and/or for JCR to elect to proceed

---

[1]. On January 21, 2020 the case was reassigned from the Honorable Gary R. Brown to the undersigned.

4

pro se. Id. Defendants were also again cautioned that failure to appear or communicate with the Court may result in a recommendation to the District Court that an Order of Default be entered. Id. Plaintiffs' counsel served Defendants with a copy of this Court's Order. See DE [31].

Defendants thereafter failed to timely appear through new counsel or otherwise defend this action. See DE [33]. Plaintiffs requested a certificate of default, see DE [36], and a certificate of default was entered by the Clerk of the Court on February 5, 2021. Entry of Default, DE [37].

Plaintiffs subsequently filed the instant motion for default judgment. Mot. for Def. Judg., DE [38]. In support of their damages applications, Plaintiffs submitted the following affidavits and exhibits: an affidavit of Plaintiffs' attorney, Carney Aff., DE [40]; the affirmation of Plaintiffs' Fund Manager, Alimenia Aff., DE [39]; an affirmation of an auditor from the CostaRothbort CPAs LLC firm, which performed the audits, Rossi Aff., DE [43]; a copy of the Assumption Agreement signed by JCR and a copy of the CBA, DE [39-1], Ex. A; copies of the audits of Defendants' books and records, DE [39-2], Ex. B, DE [39-3] Ex. C; the Collection Policy, DE [39-4], Ex. D; a statement of damages detailing the amounts owed, DE [39-5], Ex. E; a copy of the process server bills, DE [40-3], Ex. C; a copy of Plaintiffs' counsel's contemporaneous timesheet, DE [40-4], Ex. D; and copies of the audit invoices, DE [43-2], Ex. A, DE [43-3], Ex. B.

The Honorable Denis R. Hurley referred the instant motion to this Court for report and recommendation, see Order dated 6/15/2021, and the Court now considers Plaintiffs' submissions.

5

DISCUSSION

I. Legal Principles

    A. Default Judgment Liability

Plaintiffs move for a default judgment against Defendant pursuant to Federal Rule of Civil Procedure ("FRCP") 55. FRCP 55 establishes a two-step process by which a party may obtain a default judgment. See City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011); New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005). First, when a party has failed to plead or otherwise defend, the Clerk of Court must enter a certificate of default. FRCP 55(a). Second, after this entry of default, if the party still fails to appear or move to set aside the default, then the moving party may make an application for entry of default judgment. FRCP 55(b). In this case, as noted above, the Clerk of Court entered a certificate of default, and Plaintiffs moved for entry of default judgment.

"A corporate defendant's failure to comply with a court's order that the defendant obtain counsel constitutes failure to 'otherwise defend' for the purpose of Rule 55(a) such that an entry of default is justified." Leviton Mfg. Co. v. Fastmac Performance Upgrades, Inc., No. 13 Civ. 01629 (LGS), 2013 WL 4780045, at *2 (S.D.N.Y. July 8, 2013) (quoting FRCP 55(a)); see Glob. Auto, Inc. v. Hitrinov, No. 13 Civ. 2479 (SLT) (RER), 2015 WL 5793383, at *7 (E.D.N.Y. Sept. 30, 2015) ("Since a corporation's failure to retain counsel results in a failure to 'otherwise defend,' it is appropriate to enter a default against a corporation which has failed to comply with a court order to retain counsel."), reconsideration denied, No. 13 Civ. 2479 (SLT) (RER), 2015 WL 7430001 (E.D.N.Y. Nov. 19, 2015).

"The decision to grant a motion for a default judgment lies in the sound discretion of the trial court." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (citing Shah v. N.Y.S.

6

Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999)). Courts should be cautious when determining whether to grant a default judgment because it is an extreme remedy that should only be granted as a last resort. See Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). "[T]he Second Circuit has established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (citing Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993)). The three criteria are (1) whether the default was willful; (2) whether ignoring the default would prejudice the opposing party; and (3) whether the defaulting party has presented a meritorious defense. Id.

As to the first factor, Defendants' failure to obtain new council or communicate with this Court sufficiently demonstrates willfulness. In the context of a default, courts will find willfulness "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). This includes where a corporation fails to comply with a court order to obtain counsel. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d. Cir. 2001) (upholding default judgment where individual and corporate defendants did not obtain counsel in the time frame ordered by the court); Dow Chem. Pacific Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 336 (2d Cir. 1986) (finding that there was "no question" that default was properly entered where corporate defendant failed to comply with court's order to obtain new counsel); S & S Mach. Corp. v. Wuhan Heavy Duty Mach. Tool Grp. Co., No. 07 Civ. 4909 (NGG) (RER), 2012 WL 958527, at *3 (E.D.N.Y. Mar. 21, 2012) (noting that where a court has ordered a corporate entity to appear through counsel, it is appropriate to enter a default judgment when the entity willfully disregards the court order); Franco v. Ideal

7

Mortg. Bankers, Ltd., No. 07 Civ. 3956 (JS) (AKT), 2010 WL 3780972, at *3 (E.D.N.Y. Aug. 23, 2010) ("The presence of a disregarded [o]rder is determinative in granting default judgment against a corporate entity that fails to retain counsel."). Here, Defendants initially retained counsel and filed a timely response to the Complaint. Since the withdrawal of Defendants' counsel on October 7, 2020, however, Defendants have failed to appear with counsel and to comply with this Court's Orders directing Defendants to appear with counsel within 30 days, see Orders dated 10/07/2020 and 11/17/2020, despite being served with a copy of the Orders. See DE [27], [28], [29], [31]. Moreover, the Court finds Defendants have not opposed Plaintiffs' motion for default judgment, despite also being served a copy of the motion. Affidavit of Service, DE [41-2]. Based on these facts, this Court finds Defendants' conduct to be willful. See Powerserve Int'l, 239 F.3d at 514; Dow Chem. Pacific, 782 F.2d at 336.

As to the second factor, in light of the defaulting Defendants' failure to obtain new counsel and Plaintiffs' interest in prosecuting their case, ignoring the default would prejudice Plaintiffs, "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226 (RLC) (RLE), 2008 WL 5560868 at *2 (S.D.N.Y. Oct. 27, 2008). Without the entry of a default judgment, Plaintiffs will be unable to recover against Defendants for the claims adequately set forth in their Complaint.

As to the final factor, although Defendants filed an Answer to the Complaint, this Court respectfully recommends that the Answer filed by Defendants be stricken sue sponte in light of Defendants' failure to oppose Plaintiffs' motion for default judgment and Defendants' failure to introduce any evidence that would constitute a meritorious defense. See Ainbinder v. Money Ctr. Fin. Grp., Inc., No. 10 Civ. 5270 (SJF) (AKT), 2013 WL 1335997, at *6 (E.D.N.Y. Feb. 28, 2013) (recommending that the answer of a corporate defendant be stricken because the defendant

8

neither opposed the plaintiffs' motion for default judgment nor introduced any evidence that would constitute a complete defense), R&R adopted, No. 10 Civ. 5270 (SJF) (AKT), 2013 WL 1335893 (E.D.N.Y. Mar. 25, 2013); Next Proteins, Inc. v. Distinct Beverages, Inc., No. 09 Civ. 4534 (DRH) (ETB), 2012 WL 314871, at *2 (E.D.N.Y. Feb. 1, 2012) ("In entering a default judgment against a corporate defendant for failing to appear by counsel, it is also appropriate for a court to strike the answer ... of that defendant.") (citing Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1305 (2d Cir. 1991)).

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make." Am. Alliance Ins. Co. v. Eagle Ins. Co. Ltd., 92 F.3d 57, 61 (2d Cir. 1996) (quotations omitted). Consequently, a defendant must "present evidence of facts that, if proven at trial, would constitute a complete defense." McNulty, 137 F.3d at 740 (citations omitted) (internal quotation marks omitted). Evidence beyond mere "conclusory denials" is required. Enron Oil Corp., 10 F.3d at 98. Here, although Defendants filed an answer to the Complaint, the Answer contains only general denials and affirmative defenses, rendering it inadequate under the applicable law. See Compl.; Answer, DE [9]; Enron Oil Corp., 10 F.3d at 98; see also Lazic v. Dorian Owners, Inc., No. 10 Civ. 1824 BMC, 2011 WL 319879, at *2 (E.D.N.Y. Jan. 29, 2011) (denying defendants' motion to vacate default judgment in part because the answer to the complaint included only general denials and affirmative defenses, which merely contradicted the allegations without providing any facts that would constitute a complete defense). Defendants have not opposed Plaintiffs' motion for default judgment or otherwise introduced any evidence that would constitute a complete defense to Plaintiffs' claims. Accordingly, this Court respectfully recommends that the Answer filed by Defendants be stricken and finds that the final factor as to the default judgment is satisfied.

Because all three factors are satisfied, a default judgment would be proper in the present circumstances provided that Plaintiffs has alleged facts that, taken as true, establish liability.

B.  Defendants' Liability Under ERISA and the LMRA

A default is a concession of all well-pleaded factual allegations of liability in the complaint, except for allegations relating to damages. See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund, 779 F.3d at 189 (citing Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)); Unitrans Colsolidated, Inc. v. Classic Closeouts, LLC, No. 09 Civ. 2098 (SLT), 2010 WL 1265206, at *2 (E.D.N.Y. Mar. 31, 2010) ("[T]he well-pleaded factual allegations in the complaint are deemed admitted upon a defendant's default...."). The question for this Court is thus whether Plaintiffs' allegations in the Complaint, if accepted as true, establish Defendants' liability for the claims. James v. Arango, No. 05 Civ. 2593 (TCP) (AKT), 2011 WL 1594832, at *9 (E.D.N.Y. Mar. 28, 2011) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). On a motion for a default judgment, the burden is on the plaintiff to establish an entitlement to recovery, and a failure to plead sufficient facts may require the denial of the motion. See Century Sur. Co. v. Euro-Paul Constr. Corp., No. 16 Civ. 5133 (MKB) (VMS), 2017 WL 4338790, at *3 (E.D.N.Y. Sept. 29, 2017); Lanzafame v. Dana Restoration, Inc., No. 09 Civ. 0873 (ENV) (JO), 2011 WL 1100111, at *2 (E.D.N.Y. Mar. 22, 2011).

i.  ERISA

The factual allegations in the Complaint are sufficient to establish liability under ERISA. ERISA does not impose any affirmative obligations on employers. See Finkel v. Metro Elec. Control Sys. Ltd., No. 10 Civ. 2012 (CBA) (JO), 2012 WL 4049803, at *4 (E.D.N.Y. Aug. 17, 2012). Rather, it requires that "[e]mployers obligated to make contributions within the meaning

10

of the statute must do so in accordance with the relevant [CBA]." Id. In turn, on a motion for default judgment, factual allegations in the complaint that a defendant failed to comply with the payment rules established by the provisions of a CBA and any applicable contracts are sufficient to establish an ERISA violation. See Trustees of Local 813 Ins. Tr. Fund v. Bradley Funeral Serv., Inc., No. 11 Civ. 2885 (ARR) (RLM), 2012 WL 3871759, at *3 (E.D.N.Y. Aug. 10, 2012) (finding that the complaint's "uncontested factual allegations are sufficient to state a claim that defendant violated the terms of the CBA and, by extension, ERISA"); La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 348 (E.D.N.Y. 2009) ("[T]he allegations that defendant has failed to comply with its contractual obligations and with the statutory requirements of ERISA are sufficient to state claims on which relief is warranted."). Here, the Complaint establishes that Romero is an employer within the meaning of ERISA, was bound by a CBA, and failed to make required contributions to the Funds. See Compl., ¶¶ 8, 12-29. The Complaint further alleges that JCR is the fiduciary of Romero and failed to discharge his duties as fiduciary in accordance with the CBA, thus failing to make the required contributions to the Funds. See Compl., ¶¶ 10, 35-57. These alleged facts, taken as true, establish liability under ERISA.

      ii.     LMRA

The factual allegations in the Complaint are also sufficient to establish liability under the LMRA. Where a CBA requires remittance of dues to a union, a union may enforce its contractual rights under the LMRA. See 29 U.S.C. § 185(a) (governing "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...."). Here, the Complaint establishes the existence of a contract (the CBA) between Defendants and the Union, and that Defendants breached that contract by failing to remit certain

contributions. See Compl., ¶¶ 12-18, 26-29. These alleged facts, taken as true, establish liability under the LMRA. See Flanagan v. Marson Grp., Ltd., No. 11 Civ. 2896 (ADS) (GRB), 2014 WL 4426277, at *3-4 (E.D.N.Y. Aug. 11, 2014).

    C.    Plaintiffs' Damages

In assessing damages, the court cannot rest upon the well-pleaded facts in the complaint. See Metro Elec. Control Sys. Ltd., No. 10 Civ. 2012 (CBA) (JO), 2012 WL 4049803, at *4. Rather, the amount of damages awarded, if any, must be ascertained "with reasonable certainty." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may evaluate the fairness of a proposed damages award by relying on affidavits and documentary evidence. See Tamarin v. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993). Although damages must be based on actual evidence, "[a]n evidentiary hearing is not required as long as there is a basis for the damages awarded." Gesualdi v. Ava Shypula Testing & Inspection, Inc., No. 13 Civ. 1873 (DRH) (GRB), 2014 WL 1399417, at *6 (E.D.N.Y. Apr. 10, 2014) (citing Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). In support of their motion for default judgment, Plaintiffs submitted multiple affidavits and exhibits. Having reviewed the supporting documents, this Court finds them adequate to determine damages without a hearing.

Under ERISA's civil enforcement provision, 29 U.S.C. § 1132, "a plaintiff is entitled to an award of 1) unpaid contributions, 2) interest on unpaid contributions, 3) liquidated damages, 4) reasonable attorney's fees and costs, and 5) such other legal and equitable relief as the Court may deem appropriate...." Finkel v. Allstar Elec. Corp., No. 11 Civ. 3222 (KAM) (RER), 2013 WL 4806951, at *5 (E.D.N.Y. Sept. 9, 2013); see 29 U.S.C. § 1132(g)(1).

      i.      Unpaid Contributions

ERISA provides that, upon a finding that an employer violated Section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of unpaid contributions. See 29 U.S.C. § 1132(g)(2). Plaintiffs seek damages for unpaid contributions to the Funds under ERISA of $643,741.73 for the period of July 1, 2015, through November 30, 2018. Compl., ¶¶ 15, 25 49, 57; see Alimenia Aff., ¶ 4, Exs. C-E.

The payroll audits of Defendants' books and records, which were submitted by Plaintiffs, see Alimenia Aff., Exs. C-D, support Plaintiffs' entitlement to this amount. Accordingly, this Court concludes that Defendants failed to remit contributions of $643,741.73 during the period from July 1, 2015, through November 30, 2018. Trustees of Metal Polishers Local 8A-28A Funds v. Prestige Restoration & Maint., LLC, 986 F.Supp.2d 159, 166 (E.D.N.Y. 2013) (audit by an independent auditor and affidavit of auditor, along with information in motion was sufficient to establish damages); Local No. 46 Metallic Lathers Union & Reinforcing Iron Workers Welfare Trust, Annuity Fund, Pension Fund, Apprenticeship Fund, Vacation Funds, Scholarship Fund, & Other Funds v. Brookman Const. Co., Inc., No. 12 Civ. 2180, 2013 WL 5304358, at *3 (E.D.N.Y. Sept. 19, 2013) (awarding damages based on the submission of affidavits from the plaintiff's counsel and from an independent auditor, a "copy of the audit, correspondence between plaintiffs' counsel and defendant's counsel discussing the audit," and a copy of the CBA).

Accordingly, this Court respectfully recommends awarding the Funds damages of $643,741.73 for unpaid contributions.

      ii.      Interest on Unpaid Contributions

Plaintiffs request prejudgment interest on the unpaid contributions to the Funds. Compl.,

13

¶¶ 17, 25, 49, 57; see Alimenia Aff., ¶ 4, Ex. C. Courts are authorized to "award prejudgment interest to a successful ERISA claimant, and that decision, like the decision to award attorney's fees, is committed to the sound discretion of the district court." Slupinski v. First Unum Life Ins. Co., 554 F.3d 38, 53-54 (2d Cir. 2009) (citation omitted); see Finkel, No. 11 Civ. 3222 (KAM) (RER), 2013 WL 4806951, at *5 ("Section 1132(g)(2) entitles Plaintiff to recover interest on all ERISA Contributions that were unpaid at the time Plaintiff filed the Complaint and any unpaid contributions that accrued while the lawsuit was pending."). "[T]he aim [of awarding interest] is to make the plaintiffs whole, but not to give them a windfall." Jones v. UNUM Life Ins. Co. of America, 223 F.3d 130, 139 (2d Cir. 2000). As such, this Court respectfully recommends Plaintiffs be awarded interest on the unpaid contributions as set forth below.

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan...." 29 U.S.C. § 1132(g)(2). Here, pursuant to the CBA, interest on the delinquent contributions are calculated at the prime rate as stated in Federal Reserve Statistical Release on the date contributions are due plus two percent, Compl. ¶ 17; Alimenia Aff. ¶¶ 4-5, Ex. A. at p. 16 ¶(e).

Under the CBA, contributions shall be made on or before the sixtieth (35th) day of the month following the payroll period. See Alimenia Aff., Ex. A. at p. 16 ¶(e). Plaintiffs assert that as of February 11, 2021, Defendants owed $100,058.00 in prejudgment interest on unpaid contributions. See Carney Aff., ¶ 8. Based on this Court's calculations this calculation is correct.

    iii.    <u>Liquidated Damages</u>

Plaintiffs seek twenty percent liquidated damages on the amount of unpaid contributions. Compl., ¶¶ 17, 25, 49, 57; see Alimenia Aff., ¶ 4. ERISA provides that, in addition to "unpaid contributions" and "interest on the unpaid contributions," "the court shall award the plan ... an

amount equal to the greater of—(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the [CBA] in an amount not in excess of 20 percent...." 29 U.S.C. § 1132(g)(2). Here, the Plaintiffs allege that the CBA, entitles Plaintiffs to collect liquidated damages on the unpaid contributions at a rate of twenty percent. See Alimenia Aff., Ex. A. at p. 16 ¶(e) (" [T]he EMPLOYER shall also pay the FUNDS … (c) liquidated damages equal to 20% of the delinquent contributions."); see also Trustees of Pavers & Rd. Builders Dist. Council Welfare v. Cole Partners, Inc., No. 13 Civ. 07103 (NGG) (RML), 2015 WL 861717, at *4 (E.D.N.Y. Feb. 27, 2015) (calculating liquidated damages at twenty percent pursuant to collection policy incorporated into a CBA).

Plaintiffs correctly calculated twenty percent of the unpaid contributions ($643,741.73) as $128,748.34. See Alimenia Aff., ¶ 4. Therefore, this Court respectfully recommends awarding liquidated damages of $128,748.34.

      iv.    Audit Fees

Plaintiffs seek $8,975.79 for the costs of the audits in accordance with the applicable provisions of the Collection Agreement. Alimenia Aff. ¶¶ 4-5, Ex. D at § 3 ¶ 2 and § 6. "Although 29 U.S.C. § 1132(g)(2) does not expressly provide for an award of audit fees, ... courts have used section 1132(g)(2)(E), which provides for such other legal or equitable relief as the court deems appropriate, as a basis for awarding audit fees." Lanzafame v. L & M Larjo Co., 2006 WL 2795348, at *8 (E.D.N.Y. Sept. 26, 2006) (quotations omitted); see 29 U.S.C. § 1132(g)(2)(E). "Requests for audit fees must be supported by records ... sufficient to allow the court to determine the reasonableness of audit costs." Trs. of Steamfitters' Local Union No. 638 v. Nexus Mech., Inc., No. 08-CV-3214 (RRM)(MDG), 2014 WL 1338377, at *8 (E.D.N.Y. Apr. 2, 2014) (internal quotation marks and citations omitted). "The evidence in support of

15

recovering audit fees must include, at a minimum, some breakdown of the auditors' rates charged and hours expended." Gesualdi v. Diversified Carting, Inc., No. 10-2561 (SIL), 2014 WL 5475357, at *3 (E.D.N.Y. Oct. 29, 2014) (internal quotation marks and citation omitted).

Here, auditors worked 98.75 hours to prepare the Audit Reports at an hourly rate of $90.00 plus $88.29 for travel. Rossi Aff., ¶¶ 6-7, Ex. A and Ex. B. Plaintiffs' invoices reflects that the cost of the audits performed by CostaRothbort CPAs LLC was $8,975.79. Id. Accordingly, this Court recommends that Plaintiffs be awarded $8,975.79 for the cost of the audits.

      v.      Attorney's Fees

Plaintiffs also seek an award of attorney's fees in the amount of $5,220. Carney Aff. ¶¶ 8, 14. ERISA entitles a prevailing party to an award of reasonable attorney's fees and costs. 29 U.S.C. § 1132(g)(2); see Labarbera v. Clestra Hauserman, Inc., 369 F.3d 224, 226 (2d Cir. 2004). The CBA Collection Agreement also provides for such fees and costs, see Alimenia Aff., Ex. A at 16 ¶ e, Ex. D § 3 ¶ 2 and § 6, and such costs are therefore recoverable under the LMRA, see 29 U.S.C. § 185(a); Brown v. C. Volante Corp., 194 F.3d 351, 354 (2d Cir. 1999) (citations omitted) (29 U.S.C. § 185(a) governs claim for failure to abide by a CBA); Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp., No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (awarding fees & costs in accordance with the CBA); Trustees of the Plumbers Local Union No. 1 Welfare Fund v. Aljer Plumbing & Heating Corp., No. 09 Civ. 1815 (RRM) (VVP), 2011 WL 1239878, at *4 (E.D.N.Y. Mar. 16, 2011), R&R adopted, No. 09 Civ. 1815 (RRM) (VVP), 2011 WL 1187815 (E.D.N.Y. Mar. 30, 2011) (same).

The Second Circuit requires courts to assess the reasonableness of attorney's fees. Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011). The prevailing method for determining a fee award is the lodestar method, by which the court multiples a reasonable hourly rate by the reasonable number of hours expended. See Perdue v. Kenny A., 559 U.S. 542, 546, 551, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010). The reasonable hourly rate is determined based on current market rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). In reviewing the reasonable number of hours expended, a district court should examine the particular hours expended by counsel with a view to the value of the work product of the specific expenditures to the client's case, and if it concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation. See Green v. City of New York, 403 F. App'x 626, 630 (2d Cir. 2010); Green v. Torres, 361 F.3d 96, 98 (2d Cir. 2004); see also McMahon-Pitts v. Sokoloff, No. 15 Civ. 4975, 2017 WL 1011473, at *8 (E.D.N.Y. Mar. 15, 2017) (reducing the hours included in the lodestar calculation by 10% to account for hours exclusively spent working on an unsuccessful claim).

The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable. See N.Y.S. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). That party must substantiate its requested number of hours expended through contemporaneous time records. See id. at 1147 (2d Cir. 1983); U.S. Bank, N.A. v. Byrd, 854 F. Supp. 2d 278, 287 (E.D.N.Y. 2012). The determination of a reasonable fee is within the district court's discretion. See Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011).

Here, Plaintiffs seek reimbursement for services rendered by attorney Danielle

17

M. Carney ("Carney"), at a rate of $200.00 per hour. See Carney Aff. ¶ 14. Plaintiffs' submissions adequately set forth the background and experience level of Carney, see id. ¶ 15 ("I have more than ... 20 ... years of experience prosecuting claims on behalf of various ERISA benefit funds."), and the Trustees support their request with contemporaneous time records setting forth the tasks Carney completed for this case and the number of hours expended on each task, see DE [40-4]. Having reviewed such materials, the Court finds both the number of hours spent by Carney on this matter, 26.1, and the hourly rate of $200.00 reasonable. See Trustees of Laborers Union Local No. 1298 of Nassau & Suffolk Ctys. Benefit Funds v. Sitework Mgmt., Inc., No. 14-cv-3052, 2015 WL 1198665, at *17 (E.D.N.Y. Mar. 16, 2015) (recommending approval of Carney's rate of $200.00 per hour and finding that rate "to be on the low end for an attorney practicing for 17 years in this type of ERISA litigation"). Accordingly, the Court respectfully recommends an award of $5,220 in attorney's fees.

      vi.     Costs

Finally, Plaintiffs seek to recover $609.75 in costs, which includes: (i) filing fees in the amount of $400.00; and (ii) a $209.75 process server fee. See Alimenia Aff. ¶ 8, Ex. D. ERISA provides for the recovery of costs associated with litigation, see 29 U.S.C. § 1132(g)(2)(D), and "[a] court will generally award 'those reasonable out-of-pocket expenses incurred by the attorney[s] and which are normally charged fee paying clients.'" Finkel v. Jones Lang LaSalle Ams., Inc., No. 08-cv-2333, 2009 WL 5172869, at *6 (E.D.N.Y. Dec. 30, 2009) (quoting Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987)). The Court finds the Funds' request for costs related to filing fees and service of process to be reasonable and adequately supported. See DE [1], [40-3]. Accordingly, the Court recommends that Plaintiffs be awarded a total of $609.75 in costs.

## CONCLUSION

For the foregoing reasons the Court respectfully recommends that Plaintiffs' motion for a default judgment, appearing as Docket Entry No. 38 herein, be granted. It is further recommended that damages be awarded to the Plaintiffs as follows:

| | |
|---|---|
| Unpaid Contributions | $643,741.73 |
| Interest | $100,058.00 |
| Liquidated Damages | $128,748.34 |
| Audit Fees | $8,975.79 |
| Attorneys' Fees | $5,220.00 |
| Costs        + | $609.75 |
| **Total** | **$887,353.61** |

## OBJECTIONS

A copy of this Report and Recommendation is being provided to Plaintiffs' counsel via ECF. Furthermore, the Court directs Plaintiffs' counsel to serve a copy of this Report and Recommendation to Defendants and to file proof of service on ECF by July 22, 2021. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the

district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

Central Islip, New York
July 19, 2021

                                                /s/ Anne Y. Shields
                                                Anne Y. Shields
                                                United States Magistrate Judge